UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION                    JS-6

| | |
|---|---|
| U.S. Bank National Association,<br><br>                      Plaintiff,<br><br>        v.<br><br>Alex Jesus Flores, et al.<br><br>                      Defendants. | ED-16-CV-00492-VAP-SPx<br><br>**ORDER REMANDING CASE** |

      On December 31, 2015, Plaintiff U.S. Bank National Association, as Trustee for Structured Assert Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11 ("U.S. Bank") filed a Complaint in the California Superior Court for the County of San Bernardino for Unlawful Detainer against Defendant Alex Jesus Flores ("Defendant"), in case number UDFS 1510177.  (See Ex. A to Not. of Removal (Doc. No. 1).)  On March 17, 2016, Defendant, appearing pro se, removed the action to this Court on the basis of federal question jurisdiction, asserting that U.S. Bank "failed to give full disclosure of his contract pursuant to [the] Fair Debt Collectors Act/Regulations Z, Truth and Lender Act."  (See Not. of Removal.)  The Court REMANDS this Action to state court.

## I.     REMOVAL JURISDICTION

      Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring

"the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant alleges the basis for removal is federal question and diversity jurisdiction, pursuant to the Fair Debt Collection Practices Act ("FDCPA"). From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).

Defendant assert that jurisdiction exists in this case under federal question jurisdiction because he is "a part of [a] class action lawsuit filed against third party mortgage investors currently filed with the Better Business Bureau." (Not. of Removal at 3.) As the Complaint in this matter raises a single claim for unlawful detainer and does not allege any facts related to the FDCPA, the Court must conclude that the Defendant intends to raise the FDCPA as a defense.

Section 1331 confers jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The existence of a federal defense (by itself) does not, however, raise a federal question; it is therefore an insufficient basis to invoke federal question jurisdiction under 28 U.S.C. § 1331, and consequently cannot support removal of an action. Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

Though Defendant does not state it specifically, the Notice of Removal also appears to argue that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. (See Not. of Removal at 3.) Where subject-matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In other words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff." Id. Defendant failed to allege his own citizenship in the Notice of Removal. (See Not. of Removal.) "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). As the Notice of Removal only mentions Defendant's residence and not their citizenship, the Notice of Removal is insufficient to invoke the Court's diversity jurisdiction.

Even if Defendant's Notice of Removal did affirmatively allege his citizenship, Defendant cannot meet the amount-in-controversy requirement. In unlawful detainer actions, only the right to possession is at issue, not the title to the property. See Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). Thus, the amount-in-

controversy is determined by the amount of damages sought in the complaint, rather than the value of the subject real property. Id.

Plaintiff filed this action as a "limited jurisdiction" case, where the amount-in-controversy does not exceed $10,000. (See Compl. at 1.) As such, this case cannot meet the $75,000 amount-in-controversy requirement for diversity jurisdiction. See 28 U.S.C. § 1332.

Defendant has not met their burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566. Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

The Court cautions Defendant that future attempts to remove this action may be grounds for monetary sanctions.

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**

Dated: 3/22/16

Virginia A. Phillips
United States District Judge